MALLEIN *vs.* CARSTENS.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

Where an injunction is obtained in the form of a separate petition by the defendant in execution against the plaintiff, a judgement dissolving the injunction, need not contain the reasons upon which it was rendered.

The defendant enjoined a writ of possession which issued in virtue of a judgement rescinding the lease of a house, and restoring its possession to the lessor. To the injunction an answer was put in by the plaintiff in execution, but not by the sheriff, who was made a party thereto. On trial the injunction was dissolved, and the plaintiff therein appealed.

*Roselius,* for appellant, made the following points:

1. The judgement of the court *a qua,* is void, and ought to be reversed, because no law is referred to by the judge, nor any reasons assigned for its being rendered.

2. The judge *a quo* erred in dissolving the injunction when only one of the defendants had filed an answer.

PORTER J., delivered the opinion of the court.

In this case an injunction was obtained to which an answer was put in, containing a general denial, and an allegation

that the writ stayed by the injunction had been taken out in virtue of a judgement.

The cause was tried by the judge, who ordered the injunction which he had granted to be set aside and rescinded, and that the plaintiff pay costs of suit.

From that judgement this appeal is taken, and the appellant assigns for error of law appearing on the face of the proceedings, the absence of any reasons in the judgment rendered by the inferior court.

We decided very lately in the case of *Rowlett* vs. *Shepherd*, that an injunction obtained in the form of a separate petition, by the defendant, in execution against the plaintiff, must be governed by all the rules laid down in the code of practice in relation to oppositions to executions, because no other form of proceeding, in relation to such matters, is authorized by our rules of practice. Viewed in this light, the dissolution of the injunction can be considered nothing but an incident connected with the final judgement, and reasons were not required as in the case of a final judgement.

*Where an injunction is obtained in the form of a separate petition by the defendant, in execution against the plaintiff, a judgement dissolving the injunction need not contain the reasons upon which it was rendered.*

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed, with costs.